UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ANTHONY BEULAH,<br><br>    Plaintiff,<br><br>  v.<br><br>KYLE COX, et al.,<br><br>    Defendants. | Case No. 24-cv-09478 BLF<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

  Plaintiff, a state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against staff at the San Quentin Rehabilitation Center ("SQRC"). The signed complaint filed on January 9, 2025, is the operative complaint in this action. Dkt. No. 4. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

### I.  Standard of Review

  A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. **Plaintiff's Claims**

Plaintiff claims that on March 30, 2024, he passed out and fell due to the excessive heat in the gym. Dkt. No. 4 at ¶¶ 2, 9. He suffered a severe head injury with a gash across his left eyebrow that required stitches at an outside medical center. *Id.* ¶¶ 3, 4. He also suffered a swollen index finger and knee, as well as blurred vision from a concussion, lightheadedness, and pain to the left side of his face. *Id.* On April 4, 2024, Plaintiff inquired of Correctional Officer Alvarado, who was assigned to the gym, about the excessive heat that had caused his incident on March 30, 2024. *Id.* ¶ 5. She informed Plaintiff that she had placed numerous work orders with Central Services to get the heat issue resolved and that they were ignored. *Id.* She advised him to file a CDCR 22 Form (request for interview) with Captain Zachariah Robberecht (Central Services). *Id.* Plaintiff did so on April 7, 2024, and again on April 22, 2024; he received no response. *Id.* ¶ 6. He filed a grievance (Log No. 555758) on May 1, 2024, against K. Cox (Plant Manager) "for failure to adjust and control the extreme heat temperature in the gym which caused [Plaintiff] to pass-out and caused severe injury." *Id.* ¶ 9. On May 24, 2024, the Office of Grievances Decision denied the claim stating that there was no policy violation. *Id.* ¶ 10. Plaintiff appealed the decision to the Office of Appeals, which denied the claim on August 10, 2024. *Id.* ¶ 11.

Plaintiff is suing Defendants Zachariah Robberecht and K. Cox for the following: (1) Eighth Amendment violation due to the hazardous condition of confinement (excessive heat) which caused him injury; and (2) negligence. *Id.* ¶¶ 14-23. Plaintiff seeks damages. *Id.* at 9.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds by WMX*

3

*Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff's allegations are insufficient to state an Eighth Amendment claim against Defendants Robberecht and Cox. Assuming the excessive heat of the gym constitutes a hazardous condition to satisfy the first element, Plaintiff fails to satisfy the second element involving Defendants' subjective state of mind. He alleges that Defendants were deliberately indifferent because they knew of the excessive heat and provided two inadequate industrial fans to mitigate the stifling heat, which "only moved the hot air in resulting injury to [Plaintiff]." Dkt. No. 4 at ¶ 17. He also alleges that Defendants were deliberately indifferent when they ignored custody staff's work orders to reduce the excessive heat which resulted in injury. *Id.* at ¶ 18. Neither of these allegations establish that each Defendant knew Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. Specifically, there is no allegation that Defendants were aware that *Plaintiff* would be going to the gym on March 30, 2024, and that *Plaintiff* was facing a substantial risk of serious harm due to the excessive heat and yet failed to take reasonable steps to abate the risk to him. *See McGuckin*, 974 F.2d at 1060. If Defendants should have been aware, but did not actually know, they did not violate the Eighth Amendment, no matter how severe the risk. *See Gibson*, 290 F.3d at 1188. At best, Plaintiff's allegations may be sufficient to state a negligence claim against Defendants, but negligence and gross negligence are not actionable under § 1983 in the prison context. *See Farmer*, 511 U.S. at 835-36 & n.4.

Plaintiff shall be granted one opportunity to file an amended complaint to attempt to state sufficient facts to state a cognizable Eighth Amendment claim. Specifically, Plaintiff must be able to allege in good faith that each named Defendant possessed a sufficiently culpable state of mind. *See Farmer*, 511 U.S. at 834 (citing citing *Wilson*, 501 U.S. at 297). Furthermore, only if Plaintiff is able to state a cognizable claim under § 1983 will

4

the Court consider exercising supplemental jurisdiction over the related state law claim for negligence under 28 U.S.C. § 1367 (1993).  If Plaintiff is not able to state an Eighth Amendment claim, the Court will dismiss this action to pursuing a negligence claim in state court.

In preparing an amended complaint, Plaintiff should keep the following principles in mind.  Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 24-cv-09478 BLF (PR), and the words "AMENDED COMPLAINT" on the first page.  Plaintiff must answer all the questions on the form in order for the action to proceed.  Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint.  Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2.      **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action for failure to state a cognizable claim without further notice to Plaintiff.**

3.      The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:   __April 17, 2025____                    _____
                                                  BETH LABSON FREEMAN
                                                  United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\BLF\CR.24\09478Beulah_dwlta